IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:10-CV-63-RLV-DCK

| | |
|---|---|
| PETER N. PHASOULAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) filed September 27, 2010 and Defendant's "Motion For Summary Judgment" (Document No. 11), filed November 20, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition. After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Peter N. Phasoulas, Jr. ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On April 9, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.* and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning December 1, 2003. Id.; see

also, (Transcript of the Record of Proceedings ("Tr.") 12). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 28, 2007, and again after reconsideration on February 7, 2008. (Tr. 12). Plaintiff filed a timely written request for a hearing on March 7, 2008. (Tr. 12).

On May 27, 2009, Plaintiff appeared and testified at a hearing before Administrative Law Judge E. Norman Graham ("ALJ"). (Tr. 12). On October 29, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 9-21). Plaintiff filed a request for review of the ALJ's decision on December 15, 2009, which was denied by the Appeals Council on March 12, 2010. (Tr. 1-3). The October 29, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 13, 2010. (Document No. 1). Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 9-1) were filed September 27, 2010; and Defendant's "Motion For Summary Judgment" (Document No. 11) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed November 29, 2010. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 1, 2003, and the date he

3

last met the insured status requirements, June 30, 2008.[1] (Tr.13). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). In this case, the ALJ found that Plaintiff was under a disability, but that a substance use disorder was a contributing factor material to the determination of disability. (Tr. 12-13). If a claimant is under a disability and there is medical evidence of a substance use disorder, the question of whether the substance use disorder is a contributing factor material to the determination of disability must be answered – if it is, the individual is not under a disability. (Tr. 12). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from the alleged onset date, December 1, 2003, through the date of his decision, October 29, 2009. (Tr. 13, 20-21). See 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 1535; 20 C.F.R. § 1935.

> The Social Security Act . . . proscribes considering a person disabled if alcohol or drug abuse would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). "Under both 20 C.F.R. § 404.1535 (disability) and 20 C.F.R. § 416.935 (supplemental security income), the relevant inquiry is 'whether [the Commissioner] would still find you disabled if you stopped using drugs or alcohol.'" Estes v. Barnhart, 275 F.3d 722, 724–25 (8th Cir. 2002). **A claimant has the burden of proving that her substance dependency is not a contributing factor material to her claimed disability**. Id. at 725 (citing Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000)).

Fastner v. Barnhart, 324 F.3d 981, 984 (8th Cir. 2003)(emphasis added).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that the Plaintiff was not disabled. (Tr. 20).

At step one, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since December 1, 2003, his alleged disability onset date. (Tr. 14). At the second step, the ALJ found that Plaintiff's polysubstance dependence, bipolar disorder with anger and impulsivity, a history of attention deficit hyperactivity disorder, and a personality disorder, were severe impairments. (Tr. 15).[2] At the third step, the ALJ determined that Plaintiff had an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

C.F.R. 404, Subpart P, Appendix 1; however, the ALJ concluded that "[i]f the claimant stopped the substance use," he would not meet or equal that standard. (Tr. 15, 17).

Next, the ALJ assessed Plaintiff's RFC and found that if Plaintiff stopped the substance use, he retained the capacity to

> perform a full range of work at all exertional levels, with the following limitations: he would require a low stress, low production type setting requiring very little personal interaction with others.

(Tr. 18). In making his finding, the ALJ considered all of Plaintiff's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence, and other evidence...." Id. The ALJ specifically opined that

> If the claimant stopped the substance use, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements considering the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment....

(Tr. 19).

At the fourth step, the ALJ found that if Plaintiff stopped the substance use, he could perform his past relevant work as a automobile detailer (DOT Code No. 915.687-034). (Tr. 20). Therefore, the ALJ found that Plaintiff was not disabled.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly assess the limitations imposed by Plaintiff's impairments; (2) the ALJ failed to employ a vocational expert in evaluating Plaintiff's ability to return to relevant past work; and (3) the ALJ

failed to take into consideration Plaintiff's testimony concerning the psychological[3] demands of that work without obtaining independent testimony from a vocational expert. (Document No. 9-1, p.1). The undersigned will address each of these contentions in turn.

## A. <u>ALJ's Assessment of Plaintiff's Limitations</u>

In his first assignment of error, Plaintiff argues that the ALJ's decision "failed to determine how each of the limitations imposed by the plaintiff's impairments would effect him in employment." (Document No. 9-1, p.3). Plaintiff contends that the ALJ's determination of his RFC "was deficient as a matter of law." <u>Id.</u> Specifically, Plaintiff argued that the ALJ should have determined whether claimant could understand or carry out simple instructions, respond to supervision and co-workers in usual work situations, and deal with changes in a routine work setting. <u>Id.</u>

In response, Defendant acknowledges that the "ALJ did not explicitly articulate such findings in his decision," and admits that the "decision is not ideally clear in its discussion of Plaintiff's mental residual functional capacity." (Document No. 12, p.5). However, Defendant argues that the ALJ noted that "the findings reached herein are consistent with those found by" state agency reviewing psychological expert, Dr. Nancy Y. Herrera, as well as the statements of the claimant's treating mental health professionals. (Document No. 12, pp.5-6; Tr. 19-20). Dr. Herrera's "Mental Residual Functional Capacity Assessment," directly referenced by the ALJ's decision, found that Plaintiff was not significantly limited in his ability to understand and carry out simple instructions, and to deal with changes in a work setting. (Tr.19, 271-272). Dr. Herrera's

---

[3] Elsewhere in Plaintiff's memorandum, he asserts that the ALJ failed to properly assess the "physiological" demands of Plaintiff's past work. (Document No. 9-1, pp.3-4). It is not always clear which the Plaintiff intends.

assessment also found that Plaintiff was moderately limited under most of the criteria for social interaction. (Tr. 272).

Defendant argues that the ALJ's RFC finding ("he would require a low stress, low production type setting requiring very little personal interaction with others") is consistent with Dr. Herrera's opinion and thus supported by substantial evidence. (Document No. 12, pp.5-6). Moreover, Defendant notes that "Plaintiff has not argued that he was more limited than the ALJ ultimately found," and that the ALJ "also relied on treatment notes from Plaintiff's therapist and psychiatrist." Id. (citing Tr. 20); see also, Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005) (substantial evidence supported the ALJ's reliance on a reviewing physician's opinion where the physician thoroughly reviewed the medical records, the opinion was supported by the objective evidence, and the opinion was consistent with other medical opinions).

Defendant concludes that even though the ALJ's decision may not have been perfectly clear in its discussion, any "arguable deficiency in opinion writing does not justify remand." (Document No. 12, p.5) (citing Bryant ex rel. Bryant v. Apfel, 141 F.3d 1249, 1252 (8th Cir. 1998). However it may have been explained, the evidence was present. The undersigned agrees with Defendant's arguments and finds no error on this point.

**B. ALJ's Failure To Consult A Vocational Expert**

Next, Plaintiff challenges the ALJ's determination that Plaintiff could return to past relevant work as an auto detailer if he stopped the substance abuse, alleging that the "ALJ failed to make findings concerning the physiological demands of that work by having a vocational expert testify

as to those demands."[4] (Document No. 9-1, p.3). Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 82-62 because the only evidence of the physiological demands of his work was his own testimony that he lost his last job when he hit his employer with a bucket. Id.

Defendant argues that it was Plaintiff's burden to prove he was unable to perform his past relevant work. (Document No. 12, p.7) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th 1995). "Social Security Ruling 82-62 does not alter this burden, and explicitly states that the 'claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.'" Id. (quoting SSR 82-62). In reaching his decision, the ALJ clearly considered the demands of Plaintiff's past work based on Plaintiff's own "Work History Report" (Tr. 149-156), as well as the description in the Dictionary of Occupational Titles ("DOT"). (Tr. 20). The ALJ opined that Plaintiff's description was consistent with that of the DOT. Id.

Plaintiff also alleges that the ALJ failed to comply with the Commissioner's interpretative guidance provided in HALLEX I-2-5-50, which states that "[a]n ALJ may need to obtain a VE's opinion . . . when . . . determining whether the claimant's impairment(s) prevents the performance of past relevant work...." (Document No. 9-1, pp.3-4; HALLEX I-2-5-50, 1994 WL 637380 (Sept. 28, 2005)). As Defendant properly notes, this authority relied upon by Plaintiff is by its nature permissive guidance – an "ALJ *may* need to obtain" – and therefore, does not *require* the ALJ under these circumstances to obtain a VE's opinion. The undersigned observes that Plaintiff was represented by counsel at the hearing before the ALJ on May 27, 2009, and that the record does not reflect any discussion regarding a vocational expert. (Tr. 23-29).

---

[4] Again, it is not entirely clear whether Plaintiff means "physiological" or "psychological."

Plaintiff further contends that his treating social worker[5] and psychiatrist indicated that substance abuse is not the factor that is preventing the Plaintiff from working, but rather his mental and physiological issues other than substance abuse prevent him from obtaining and sustaining employment. (Document No. 9-1, p.4) (citing Tr. 371-372). Mr. Whitaker and Dr. Santoso conclude that Plaintiff is not "capable of gaining and sustaining employment." (Tr. 372).

The Appeals Council considered Mr. Whitaker's letter, submitted after the ALJ decision, and found that it "did not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2-4). Defendant persuasively argues that the letter is not entitled to significant weight and that it "did not offer an opinion about Plaintiff's specific functional limitations posed by his impairments." (Document No. 12, p.10) (citing Tr. 371-372). The undersigned agrees that this new evidence offered by Plaintiff does not sufficiently undermine the substantial evidence underlying the ALJ's decision to justify remand.

**C. Evidence Of Substance Abuse As Contributing Factor**

To the extent Plaintiff contends that the ALJ's conclusion that Plaintiff's substance abuse contributed to his disability is not supported by substantial evidence, the undersigned respectfully disagrees. (Document No. 9-1, pp.2-3). The burden falls on the claimant to show that substance dependency is not a contributing factor to alleged disability, and Plaintiff has failed to satisfy that burden. See Fastner, 324 F.3d at 984. Plaintiff offers no argument or evidence that substance dependency was not a contributing factor to his disability. (Document No. 9-1). In fact, Plaintiff's memorandum acknowledges his "documented problems" with "substance abuse" and "cocaine

---

[5] Plaintiff identifies the author of this post-ALJ decision letter as a "physiologist," but it appears Alex Whitaker is a social worker. (Tr. 372).

abuse" and "cocaine dependance." (Document No. 9-1, p.2). Moreover, contrary to Plaintiff's conclusory statement that the ALJ's finding was not supported by substantial evidence, the undersigned finds that the ALJ did rely on substantial evidence in determining that substance abuse was a substantial factor contributing to Plaintiff's disability. See (Tr. 14, 17). The ALJ, citing significant portions of the record, specifically opined that the "record reveals that claimant is stabilized when he is compliant with treatment and when he abstains from the use of cocaine and other illicit substances." (Tr. 17). Thus, the ALJ reasonably concluded that "the claimant would not be disabled if he stopped the substance use." (Tr. 20).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 9) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 11) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: May 18, 2011

David C. Keesler
United States Magistrate Judge